UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED DEALERS OF CT,<br><br>Plaintiff,<br><br>vs.<br><br>GREEN VALLEY OIL, LLC, et al.,<br><br>Defendants. | 3:12-cv-00474-AWT<br><br>May 31, 2012 |

## DEFENDANT GREEN VALLEY OIL, LLC'S ANSWER

Defendant Green Valley Oil, LLC, hereby answers the Amended Complaint of Plaintiffs, United Dealers of CT, as follows:

### I.      Parties:

1.      Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.      Defendant admits so much of Paragraph 2 that alleges Green Valley Oil, LLC is a Pennsylvania limited liability company with a principal place of business in Rhode Island and that a member is a citizen of New Jersey. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2.

### II.      Jurisdiction and Venue:

3.      The allegations contained in Paragraph 3 set forth legal conclusions to which no response is necessary.

989070.2

4.    The allegations contained in Paragraph 4 set forth legal conclusions to which no response is necessary.

III.    **Facts:**

5.    Defendant denies the allegations contained in Paragraph 5.

6.    Defendant denies the allegations contained in Paragraph 6.

7.    Defendant denies the allegations contained in Paragraph 7.

8.    Defendant denies the allegations contained in Paragraph 8.

9.    Defendant denies the allegations contained in Paragraph 9.

10.    Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.    Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.    Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.    Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.    Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

989070.2

15.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     Defendant denies the allegations contained in Paragraph 21.

22.     Defendant the allegations contained in Paragraph 22.

23.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     Defendant denies the allegations contained in Paragraph 24.

25.     Defendant denies the allegations contained in Paragraph 25.

25a.    Defendant admits the allegations contained in Paragraph 25a.

989070.2

26.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     Defendant admits the allegations contained in Paragraph 30.

31.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     The allegations contained in Paragraph 32 set forth legal conclusions to which no response is necessary.

33.     The allegations contained in Paragraph 33 set forth legal conclusions to which no response is necessary.

989070.2

## COUNT ONE – BREACH OF CONTRACT (GREEN VALLEY OIL)

1-33.   Defendants incorporate by reference their answers to paragraphs 1 through 33 as set forth above.

34.   Defendant denies the allegations contained in Paragraph 34.

35.   Defendant denies the allegations contained in Paragraph 35.

36.   Defendant denies the allegations contained in Paragraph 36.

## COUNT TWO – INTERFERENCE WITH CONTRACT (LUKOIL AND CAMBRIDGE)

1-33.   Defendant incorporates by reference its answers to paragraphs 1 through 33 as set forth above.

40.   Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 40..

41.   Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42.   The allegations contained in Paragraph 42 are not directed at Defendant. To the extent an answer is required, Defendant denies these allegations.

43.   The allegations contained in Paragraph 43 are not directed at Defendant. To the extent an answer is required, Defendant denies these allegations.

44.   The allegations contained in Paragraph 44 are not directed at Defendant. To the extent an answer is required, Defendant denies these allegations.

## COUNT THREE – UNJUST ENRICHMENT

1-33.   Defendant incorporates by reference its answers to paragraphs 1 through 33 as set forth above.

34.   Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35.   Defendant denies the allegations contained in Paragraph 35.

36.   Defendant admits the allegations contained in Paragraph 36.

37.   Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38.   Defendant denies the allegations contained in Paragraph 38.

39.   Defendant denies the allegations contained in Paragraph 39.

40.   Defendant denies the allegations contained in Paragraph 40.

41.   Defendant denies the allegations contained in Paragraph 41.

## COUNT FOUR – PMPA

1-33.   Defendant incorporates by reference its answers to paragraphs 1 through 33 as set forth above.

34.   Defendant denies the allegations contained in Paragraph 34.

35.   Defendant denies the allegations contained in Paragraph 35.

989070.2

36.     Defendant denies the allegations contained in Paragraph 36.

37.     Defendant denies the allegations contained in Paragraph 37.

38.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39.     Defendant denies the allegations contained in Paragraph 39.

40.     Defendant denies the allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41.

## COUNT FIVE – CONNECTICUT FRANCHISE ACT

1-38.   Defendant incorporates by reference its answers to paragraphs 1 through 38 as set forth above.

39.     Defendant denies the allegations contained in Paragraph 39.

40.     Defendant denies the allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41.

## COUNT SIX - CONVERSION

1-40.   Defendant incorporates by reference its answers to paragraphs 1 through 40 as set forth above.

41.     Defendant denies the allegations contained in Paragraph 41.

989070.2

42.     Defendant denies the allegations contained in Paragraph 42.

43.     Defendant denies the allegations contained in Paragraph 43.

## COUNT SEVEN - UCC

1-33.   Defendant incorporates by reference its answers to paragraphs 1 through 33 as set forth above.

34.     The allegations contained in Paragraph 34 set forth legal conclusions to which no response is necessary.

35.     Defendant denies the allegations contained in Paragraph 35.

36.     Defendant denies the allegations contained in Paragraph 36.

37.     Defendant denies the allegations contained in Paragraph 37.

38.     Defendant denies the allegations contained in Paragraph 38.

39.     Defendant denies the allegations contained in Paragraph 39.

40.     Defendant denies the allegations contained in Paragraph 40.

## COUNT EIGHT - CUTPA

1-39.   Defendant incorporates by reference its answers to paragraphs 1 through 39 as set forth above.

40.     Defendant denies the allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – as to all counts

The Complaint fails to state a claim for which relief may be granted.

### Second Affirmative Defense – as to all counts

1.     Getty Petroleum Marketing Inc. (GPMI) filed for bankruptcy in December 2011. On April 30, 2012, the U.S. Bankruptcy Court for the Southern District of New York issued an order pursuant to which the Master Lease between Getty Properties Corp. and GPMI was rejected by GPMI, effective April 30, 2012.  Paragraph 3 of that Order directed GPMI to "relinquish possession of and deliver the Premises to Getty Properties or as Getty Properties directs, free and clear of all liens and encumbrances."

2.     As a result, the lease between Green Valley Oil, LLC ("GVO") and GPMI was terminated, and GVO lost the right to grant occupancy to any of the marketing premises operated by Plaintiffs.

3.     Paragraph 32 (Underlying Lease) of Plaintiffs' Retail Gasoline Station Lease Agreements with GVO states:

> If Company is not the owner of the Station, then this lease shall be subject to all of the terms, provisions and conditions of the lease or other arrangement under which the Company holds the Station, and if such lease or other arrangement shall be canceled or terminated, this lease shall be automatically terminated or canceled, without any liability on the part of Company to Lessee.

4.     Accordingly, GVO bears no liability for the termination of Plaintiffs' tenancies.

**Third Affirmative Defense – as to Counts Three, Five, Six and Eight**

1.    Paragraph 30 (Lease Security) of Plaintiffs' Retail Gasoline Station Lease

Agreements with GVO states, in pertinent part:

> This security deposit may also be applied to Lessee's obligation to Company
> under its Lessee Supply Contract or any other agreement with Company or to
> any other obligation of Lessee.

2.    Many of the Plaintiffs have not satisfied their obligations to pay GVO for

gasoline delivered to the applicable marketing premises and have other charges

outstanding.  The amounts owed by many of the Plaintiffs exceed the amounts of their

deposits.

**3.**    Accordingly, GVO does not owe Plaintiffs any refund or is entitled to an

offset of such amounts against Plaintiffs' deposits.

**Fourth Affirmative Defense – as to Count Five**

1.    To the extent the Petroleum Marketing Practices Act applies to the

relationship between GVO and Plaintiffs, the alleged provisions of the Connecticut

Franchise Act are pre-empted.


                              DEFENDANT,
                              GREEN VALLEY OIL, LLC

                    By:       s/ Charles T. Lee
                              Charles T. Lee (CT00297)
                              Amanda Winalski (CT27727)
                              ANDERSON KILL & OLICK, P.C.
                              1055 Washington Boulevard, Suite 510
                              Stamford, CT  06901
                              Telephone:  203-388-7950
                              Facsimile:  203-388-0750


989070.2

## CERTIFICATION

        This is to certify that on May 31, 2012, a copy of the foregoing Answer was filed electronically and served by mail to anyone unable to accept electronic filing.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Paul D. Sanson, Esq.
Vaughan Finn, Esq.
Shipman and Goodwin
One Constitution Plaza
Harford, CT 06103

John J. Morgan, Esq.
Barr & Morgan
22 Fifth St.
Stamford, CT 06905

                                                        s/ Charles T. Lee
                                                        Charles T. Lee

989070.2