## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED DEALERS OF CT, a trade
name adopted by the plaintiffs herein

Civil Action No.

3:12-cv-00474-AWT

v.

GREEN VALLEY OIL, LLC
LUKOIL AMERICASCORP. and
CAMBRIDGE PETROLEUM HOLDING, INC          JULY 4, 2012

### PLAINITFFS FIRST MOTION TO DISQUALIFY COUNSEL

The Plaintiffs herein hereby respectfully move to disqualify attorney Charles

Lee and his firm Anderson, Kill & Olick from representing any party in this matter or

any person or entity which was involved in one or more of the transactions as a

result of which the right to occupy certain service station premises was altered by

agreement, bankruptcy or otherwise as more particularly described herein and in the

various litigations which have sprung from the transaction or series of transactions.

In support, the undersigned respectfully submits that defendant's counsel is in

blatant violation of Rule 1.7 of the Rules of Professional Conduct as incorporated by

Rule 83.2 of the Local Rules for the United States District Court, District of

Connecticut.

FACTS AND PROCEDURAL HISTORY:

This action arises out of a series of transactions through which a number of

properties allegedly owned by Getty Properties Corp. were used or occupied,

directly or indirectly by a number of entities.  Although the series of transactions is

1

highly complicated and, although the undersigned does not have copies of the original documentation, various legal filings suggest that the chain of transactions were as follows:

1)  A Master lease from Getty Properties Corp. to Getty Petroleum Marketing Inc.

2) A merger or some other corporate transaction whereby Getty Petroleum marketing Inc. became controlled by Lukoil North America LLC.

3) Another corporate transaction whereby Getty Petroleum Marketing Inc. ultimately became controlled by Cambridge Holdings LLC.

4) Another lease or corporate transaction whereby the leasehold interests then held by Getty Petroleum Marketing Inc. were transferred to Green Valley oil LLC .

5) Various franchise transactions wherein either Getty Petroleum marketing Inc. or Green Valley Oil LLC, leased retail service stations to the plaintiff retail gasoline dealers.

6)  In late 2011, Getty Petroleum Marketing Inc. entered bankruptcy in the United States Bankruptcy Court for the Southern District of New York, case number 11-15606 (SCC).

7)  Either as a result of the bankruptcy or as a result of the conditions which led to the bankruptcy, litigation erupted between Getty properties Corp., Getty Petroleum marketing Inc., Green Valley Oil, LLC, Cambridge Holdings, LLC and Lukoil Americas, Inc.  ( See eg. Adversary proceedings Nos. 12-0120; 11-02941; 11-

02942; 11-02938; and 11-02932)(In addition, the pleadings reference other actions pending in the Supreme Court for the State of New York. See Adversary proceeding 12-01020, Counterclaim filed by Green Valley Oil, LLC Doc#26 Dated 2/13/12 at paragraph 2).

8) The Court may further take judicial notice of the case entitled United Dealers of CT v. Green Valley Oil, LLC now pending in the United States District Court for the District of Connecticut and involving many of the relevant players.

9)  The Court may further take notice of the fact that the principals of Cambridge Holdings are substantially similar if not identical to the principals of Getty Petroleum Marketing Inc. at least as that company is constituted in 2012.

10) The Court may further take judicial notice of the fact that at some point after May 1, 2012 Getty Properties Corp. purported to transfer lease or assign certain rights to the dealer properties to NECG Holdings Corp. or COO, Inc. (See attached Exhibits A and B).

11)  Public records disclose that attorney Charles Lee and his firm, Anderson, Kill & Olick currently represent the following entities:

a)      Getty Properties Corp.

b)      NECG Holdings, Corp. a wholly owed subsidiary of Chestnut Petroleum Distributors

c)      COO Inc.

d)      Getty Petroleum Marketing Inc.

e)      Green Valley Oil, LLC

f)       Lukoil North America, LLC

**LAW AND ARGUMENT**

Counsel for the defendant has represented to multiple Courts that through series of transactions he believes the retail dealers have been dispossessed of their right to occupy their marketing premises.  See eg, <u>Getty Properties Corp. v Tuxis-Ohr Fuel, Corp.</u>, 12CV00865-AWT, complaint at paragraph 13; and, Exhibits A and B.  Implicit in that representation is that the transactions referred to constituted legitimate arm's-length adversarial proceedings between the parties.  (Of course, discovery may ultimately demonstrate that the transactions were in reality, collusive self-dealing with the intent to dispossess the Connecticut retail franchises.)  For the moment, however, we must each take the pleadings on their face value and that Getty properties, Getty petroleum marketing, Green Valley, Lukoil, are in fact engaged in heated adversarial litigation as the pleadings reflect.

The public records demonstrate that attorney Charles Lee and his firm Anderson, Kill & Olick represent multiple parties in the same series of transactions. For instance, in the Connecticut District Court, Mr. Lee represents Green Valley Oil and Getty Properties Corp.  The adverse nature of the relationship is set forth in documents he himself filed with the Court.  In fact, to the extent that Getty Properties is successful in dispossessing the dealers, the damages against Green Valley Oil will increase.  In other words, Green Valley Oil's interests would be best served by a successful outcome for the dealers, but, Getty Properties would be best served by a negative outcome for the dealers.

Simply put, Mr. Lee and his firm cannot possibly serve all of the masters which they purport to serve in this transaction.  As a result, Mr. Lee and his firm should be disqualified from representing any person or entity in this transaction.

The Connecticut Superior Court (Silbert, J) recently outlined the law on disqualification and set forth the balancing test which must be applied:

> "The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys ... The trial court has broad discretion to determine whether there exists a conflict of interest that would warrant disqualification of an attorney ... Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information ... In disqualification matters, however, we must be solicitous of a client's right freely to choose his counsel ... mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations ... The competing interests at stake in the motion to disqualify, therefore, are: (1) the defendant's interest in protecting confidential information; (2) the plaintiffs' interest in freely selecting counsel of their choice; and (3) the public's interest in the scrupulous administration of justice." (Citations omitted; internal quotation marks omitted.) *Bergeron v. Mackler,* 225 Conn. 391, 397-98, 623 A.2d 489 (1993). Additionally, "the appearance of impropriety alone is simply too slender a reed on which to rest a disqualification order except in the rarest of cases ... Although considering the appearance of impropriety may be part of the inherent power of the court to regulate conduct of attorneys, it will not stand alone to disqualify an attorney in the absence of any indication that the attorney's representation risks violating the Rules of Professional Conduct." (Citations omitted; internal quotation marks omitted.) *Id.,* at 399-400, 623 A.2d 489.

CYR Real Estate v. Cuzio, 2006 WL 1046695 (Conn. Super, 2006)(Silbert, J).  In that case, Judge Silbert also restated the standards applicable where, as here, the opposing party brings the conflict to the court's attention.

> A party moving for disqualification of an opponent's counsel must meet a high standard of proof ... [B]efore permitting a party to disqualify an attorney the moving party bears the burden of proving facts which indicate disqualification is necessary. The courts should act very carefully before disqualifying an attorney and negating the right of a client to be represented by counsel of choice."

CYR Real Estate v. Cuzio, 2006 WL 1046695 (Conn. Super, 2006)(Silbert, J).

The undisputable public record establishes that attorney Lee is representing more than one party - multiple parties - whose interests are in very obvious conflict. The undersigned submits that where, as here, parties are in extensive, active, heated litigation, there exists a conflict which is insurmountable by any one attorney or law firm. As a result, any firm which attempts to represent all parties should be disqualified.

This view is supported by the Connecticut Supreme Court.. The Court noted that once an actual conflict exists, prejudice need not be shown it is instead presumed. "An actual conflict exists if counsel's introduction of probative evidence or plausible arguments that would significantly benefit one defendant would damage the defense of another defendant on the same counsel is representing." State v. Edwards, 201 Conn. 125, 139 (1986).

The Supreme Court of the United States has a similar view: in Wheat v. United States, 486 U.S. 153, 164 (1988), there is a presumption in favor of a defendant's choice of attorneys. But the Supreme Court went on to explain that: that presumption may be overcome *not only by a demonstration of actual conflict but by a showing of a serious potential for conflict.* The evaluation of the facts and

6

circumstances of each case under this standard must be left primarily to the informed judgment of the trial court. Id. (emphasis added).

In the same vein, the Connecticut Appellate Court in State v. Crocker, 83 Conn App. 615, 627(2004) noted (quoting the Third Circuit): "Conflicts of interest arise whenever an attorney's loyalties are divided, and an attorney who cross-examines former clients inherently encounter divided loyalties."  On the next page, the Appellate Court quoted the Fifth Circuit as follows: "An attorney who cross-examines a former client inherently encounters divided loyalties... in the circumstances, counsel is placed in the equivocal position of having to cross examine his own client as an adverse witness.  His zeal in defense of his [current] client is thus counterpoised against solicitude for his client the witness."  Id., at 628.

The result is the same even if one were to look exclusively at the formal ethical rules.  This matter is governed by Rule 1.7(a)(2).  Under that rule, the lawyer cannot represent two clients concurrently if there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibility to another client. Id.  In the second half of that rule, subsection (b), a waiver is allowed only where the representation does not involve the assertion of a claim by one client against another client, and where the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client.  Rule 1.7(b).

In the official commentary to that rule, the committee states:

"Ordinarily, the lawyer will be forced to withdraw from the representing all of the clients if the common representation fails.  In some situations,

the risk of failure is so great that multiple representation is plainly impossible. For example, a lawyer cannot undertake common representation of clients where contentious litigation or negotiations between them are imminent or contemplated. Moreover, because the lawyer is required to be impartial between commonly represented clients, representation of multiple clients is improper when it is unlikely that impartiality can be maintained. Generally, if the relationship between the parties has already assumed antagonism, the possibility that the clients interests can be adequately served by common representation is not very good.

In this case we are not talking about imminent or contemplated litigation. The litigation is already under way. The principal issue in each of the cases revolves around the transactions and the bankruptcy litigation. The undersigned is hard-pressed to contemplate any circumstance which would be more contentious than is demonstrated by the currently active heated litigation between Mr. Lee's clients. Accordingly, as in the committee referred to in the comments, the proposed multiple representation is <u>plainly impossible</u>.

The comments also suggested circumstances where a direct conflict will exist: "a directly adverse conflict may arise when a lawyer is required to cross examine a client who appears as a witness in a lawsuit involving another client, as when the testimony will be damaging to the client who is represented in the lawsuit." The committee further noted "conflict may exist by reason of a substantial discrepancy in the parties testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question."

In short, this is not a conflict which is even conceivably waivable. Under Rule 1.7(b)(3), where the situation involves the assertion of a claim by one client against

another client represented by the lawyer in the same litigation or proceeding, the client cannot consent to the conflict.

In this case, it is absolutely clear that an immediate direct and substantial conflict exists.  There is actual litigation between the parties which Mr. Lee and his firm purport to represent.  The litigation is extensive, complicated, heated and there are fairly substantial – indeed potentially massive - stakes involved.  In each case pending in the state Connecticut, representatives of Getty Properties will necessarily require testimony from representatives of Getty Petroleum Marketing, Inc. and Green Valley Oil LLC.  As a result, Mr. Lee cannot conceivably represent all of the entities he purports to represent in this transaction and the litigation that is flowing from it.

The law is fairly clear that where a conflict is shown to exist the lawyer must withdraw as to <u>all affected parties.</u> In addition to the commentary cited above, this position has been adopted in the Federal Court.  The Southern District of New York considered and rather forcefully rejected a plan by which counsel would choose one party and withdraw as to the remainder.

> [W]here counsel have simultaneously represented clients with differing interests, the standard for concurrent representation applies even if the representation ceases prior to the filing of a disqualification motion. Unified Sewerage Agency of Washington County, Oregon v. Jelco Inc., 646 F.2d 1339, 1345 n. 4 (9th Cir.1981); Anderson v. Nassau County Department of Corrections, 376 F.Supp.2d 294, 298-99 (E.D.N.Y.2005) ("[T]he status of the relationship is assessed at the time that the conflict arises."); Ehrich v. Binghamton City School District, 210 F.R.D. 17, 25 (N.D.N.Y.2002); Chemical Bank v. Affiliated FM Insurance Co., No. 87 Civ. 150, 1994 WL 141951, at 11 (S.D.N.Y. April 20, 1994); Fund of Funds, Ltd. v. Arthur Andersen & Co., 435 F.Supp. 84, 95 (S.D.N.Y.), aff'd in part and rev'd in part on other

grounds, 567 F.2d 225 (2d Cir.1977); see generally Kenneth R. Adamo, Attorney Disqualification in Patent Litigation, 1 Alb. L.J. Sci. & Tech. 177, 194-98 (1991). This principle is based on the rationale that "if the rule was otherwise, an 'attorney could always convert a present client into a "former client" by choosing when to cease to represent the disfavored client.' " Ehrich, 210 F.R.D. at 25 (quoting Unified Sewerage, 646 F.2d at 1345 n. 4); see also Chemical Bank, 1994 WL 141951, at 11. *More colloquially, this is referred to as the "hot potato" rule, which holds that counsel may not avoid a disqualifying conflict by dropping the less desirable client like a "hot potato."* See Abubakar v. County of Solano, No. Civ. S-06-2268, 2008 WL 336727, at 4 (E.D.Cal. Feb. 4, 2008); ValuePart, Inc. v. Clements, No. 06 C 2709, 2006 WL 2252541, at 2 (N.D.Ill. Aug. 2, 2006); Universal City Studios, Inc. v. Reimerdes, 98 F.Supp.2d 449, 453 (S.D.N.Y.2000); Chemical Bank, 1994 WL 141951, at 11; Picker International Inc. v. Varian Associates, Inc., 670 F.Supp. 1363, 1365-66 (N.D.Ohio 1987), aff'd, 869 F.2d 578 (Fed.Cir.1989).

Merck Eprova AG v. ProThera, Inc., 670 F. Supp. 2d 201, 209 (S.D.N.Y. 2009)(emphasis added).

## CONCLUSION:

The simple fact is there is a clear, unequivocal, obvious, and substantial conflict of interest between the parties itemized a) through f) above.  There is actual litigation currently pending in the courts of the state of Connecticut, in the courts of the State of New York, and in the federal courts of both Connecticut and New York. The likely damage which will ensue from continued conflicted representation is relatively certain.  Frankly, one cannot imagine a circumstance in which the adverse interests of the listed parties will not be an issue.  All of the disputes arise out of the same transaction.  All of the disputes are currently in litigation.  There is no way to know what course any of the litigations will take, but, already in the Connecticut federal litigations, the conflicts are manifest.

Now is the time for the court to act, the actions are newly brought, discovery has not commenced, the pleadings are not yet closed, and the parties will suffer the least prejudice by having to engage substitute counsel at an early stage rather than having to start over at a later date.  Should the Court choose to wait, there is a significant likelihood that this conflict will prove to be an engine for a mistrial or some other failure.  There is no reason to countenance this blatant disregard of the rules of professional conduct.

For the reasons set forth herein, Attorney Charles Lee and his firm Anderson, Kill & Olick should be disqualified from representing any person or entity which has an interest in the transaction in the case at bar.

THE PLAINTIFFS,

By_____
John J. Morgan
BARR & MORGAN
22 Fifth Street
Stamford, CT  06905
(203)  356-1595
Juris No. CT13312

CERTIFICATE OF SERVICE

I hereby certify that on July 4, 2012 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any one unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

By:_____

John J. Morgan (ct13312)
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
Ph. (203) 356-1595
Fx: (203) 357-8397
Jmorgan@pmpalawyer.com

**SUMMONS**
**SUMMARY PROCESS** (Eviction)

JD-HM-32 Rev. 4-12
C.G.S. § 51-348, P.B. Sec. § 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA/.*

**NOTICE TO OCCUPANT(S) NOT NAMED ON THE SUMMONS**
If you claim to have a right to continue to occupy the premises you should complete and file with the Clerk's Office a Claim of Exemption, form JD-HM-3 as soon as possible. You can get the Claim of Exemption from the Clerk at the address listed below or on-line at *www.jud.ct.gov.*

**Instructions**
1. Type or print legibly; sign the summons.
2. If there is more than one defendant, make an exact copy of the summons for each additional defendant. Each copy of the summons must show who signed the original summons and when it was signed.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants fill out form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file the original papers and the officer's return with the clerk of court.

**TO:** Any proper officer; By Authority of the State of Connecticut, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

*Return Date (Month, day, year) (Any day but Sundays and legal holidays)* **07/09/2012**

| Judicial District | Geographical | At *(Town in which writ is returnable) (C.G.S. 51-346, 51-349)* | Case Type *(From Judicial Branch code list)* | |
|---|---|---|---|---|
| [X] Housing Session | Area number | New Haven | Major **M** | Minor **81** |

Address of Court Clerk Where Writ and Other Papers Shall Be Filed *(Number, street, town and zip code) (C.G.S. 51-346, 51-350)*
**121 Elm Street, New Haven, CT 06510**

Telephone Number of Clerk
**203-789-7937**

| Parties | Name and Complete Address of Each Party *(Number, street, town and zip code)* | [ ] Form JD-CV-2 attached |
|---|---|---|
| **First Named Plaintiff** | **CCO, LLC**   2138 Silas Deane Highway, Rocky Hill, CT 06067 | |
| Additional Plaintiff | | |
| **First Named Defendant** | **Adnan Rahim**   540 Derby Avenue, West Haven, CT 06516 | |
| Additional Defendant | | |
| Additional Defendant | | |
| Additional Defendant | | |

## Notice To Each Defendant

1. You are being sued for possession of the premises you occupy.
2. This paper is a Summons in a summary process (eviction) action.
3. The Complaint attached to these papers states the grounds for eviction (possession) claimed by the plaintiff.
4. To respond to this Summons, or to be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk at the above Court address on or before the second day after the Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. If that happens, the plaintiff will have the right to evict you from the premises.
6. You can get the "Appearance" form at the Court address above or on-line at *www.jud.ct.gov.*

7. Each court location will also give you an Instructions pamphlet (JDP-HM-15) explaining the summary process (eviction) action and with an "Answer" form (JD-HM-5) so that you may file an answer to the plaintiff's claims against you. You can also get the pamphlet and Answer form on-line at *www.jud.ct.gov.*
8. If you have questions about the Summons and Complaint, you should talk to an attorney promptly. The Clerk of Court is not allowed to give advice on legal questions; however, in Housing Session locations only, the clerk can give procedural assistance to all self-represented parties.

| Date | Signed *(Sign and "X" proper box)* | [X] Comm. of Superior Court | Type Name of Person Signing at Left |
|---|---|---|---|
| 06/26/2012 | | [ ] Assistant Clerk | Charles T. Lee |

**For The Plaintiff(s) Enter The Appearance Of:**

Name and Address of Attorney, Law Firm or Plaintiff if Self-Represented *(Number, street, town and zip code)*
**Anderson Kill & Olick, P.C., 1055 Washington Boulevard, Stamford, CT 06901**

Telephone Number
**203-388-7950**

Juris Number *(if attorney or law firm)*
**409144**

Name and Address of Person Recognized to Prosecute in the Amount of $250 *(Not to be completed by self-represented plaintiffs)*
**Laura Kuck, 1055 Washington Boulevard, Stamford, CT 069001**

Signature of Plaintiff if Self-Represented

| # Plfs. | # Defs. | # Cnts. | Signed *(Official taking recognizance, "X" proper box)* | [X] Comm. of Superior Court | For Court Use Only | |
|---|---|---|---|---|---|---|
| 1 | 1 | 1 | | [ ] Assistant Clerk | Receipt | [ ] No Fee |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons and Complaint.

File Date

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date Signed | Docket Number |
|---|---|---|---|



# SUMMONS
## SUMMARY PROCESS (Eviction)

JD-HM-32  Rev. 4-12
C.G.S. § 51-348, P.B. Sec. § 8-1

**STATE OF CONNECTICUT**
## SUPERIOR COURT
www.jud.ct.gov

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA/.*

**NOTICE TO OCCUPANT(S) NO NAMED ON THE SUMMONS**
If you claim to have a right to conti to occupy the premises you sho complete and file with the Cle Office a Claim of Exemption, form HM-3 as soon as possible. You get the Claim of Exemption from Clerk at the address listed belo on-line at *www.jud.ct.gov.*

**Instructions**
1. Type or print legibly; sign the summons.
2. If there is more than one defendant, make an exact copy of the summons for each additional defendant. Each copy of the summons must show who signed the original summons and when it was signed.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants fill out form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file the original summons and the officer's return with the clerk of court.

**TO: Any proper officer; By Authority of the State of Connecticut,** you are hereby commanded to make due and legal service of this Summons and attached Complaint.

**Return Date** *(Month, day, year) (Any day but Sunda and legal holidays)*  06/08/2012

| | | At *(Town in which writ is returnable) (C.G.S. 51-346, 51-349)* | Case Type *(From Judicial Branch code list)* |
|---|---|---|---|
| ☐ Judicial District | ☐ Geographical Area number | Waterbury | Major **M**   Minor  **81** |
| ☒ Housing Session | | | |

Address of Court Clerk Where Writ and Other Papers Shall Be Filed *(Number, street, town and zip code) (C.G.S. 51-346, 51-350)*
300 Grand Street, Waterbury, CT  06702

Telephone Number of Clerk
203-591-3310

| Parties | Name and Complete Address of Each Party *(Number, street, town and zip code)* | ☐ Form JD-CV-2 attached |
|---|---|---|
| First Named Plaintiff | NECG Holdings Corp., 536 Main Street, New Paltz, NY  12561 | |
| Additional Plaintiff | | |
| First Named Defendant | Indtur LLC, c/o Registered Agent: Ender Kamaci, 531 North Main Street, Union City, CT  06606 | |
| Additional Defendant | | |
| Additional Defendant | | |
| Additional Defendant | | |

## Notice To Each Defendant
1. You are being sued for possession of the premises you occupy.
2. This paper is a Summons in a summary process (eviction) action.
3. The Complaint attached to these papers states the grounds for eviction (possession) claimed by the plaintiff.
4. To respond to this Summons, or to be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. If that happens, the plaintiff will have the right to evict you from the premises.
6. You can get the "Appearance" form at the Court address above or on-line at *www.jud.ct.gov.*
7. Each court location will also give you an instructions pamphlet (JDP-HM-15) explaining the summary process (eviction) action and with an "Answer" form (JD-HM-5) s that you may file an answer to the plaintiff's claims agair you. You can also get the pamphlet and Answer form on line at *www.jud.ct.gov.*
8. If you have questions about the Summons and Complair you should talk to an attorney promptly. The Clerk of Court is not allowed to give advice on legal questions; however, in Housing Session locations only, the clerk ca give procedural assistance to all self-represented parties

| Date 05/24/2012 | Signed *(Sign and "X" proper box)* | ☒ Comm. of Superior Court  ☐ Assistant Clerk | Type Name of Person Signing at Left Amanda L. Winalski |
|---|---|---|---|

**For The Plaintiff(s) Enter The Appearance Of:**

| Name and Address of Attorney, Law Firm or Plaintiff if Self-Represented *(Number, street, town and zip code)* Anderson Kill & Olick, P.C., 1055 Washington Boulevard, Stamford, CT  06901 | Telephone Number 203-388-7950 | Juris Number *(If attorney or law firm)* 409144 |
|---|---|---|

| Name and Address of Person Recognized to Prosecute in the Amount of $250 *(Not to be completed by self-represented plaintiffs)* Laura Kuck, 1055 Washington Boulevard, Stamford, CT  06901 | Signature of Plaintiff if Self-Represented |
|---|---|

| # Plfs. 1 | # Defs. 1 | # Cnts. 1 | Signed *(Official taking recognizance) "X" proper box)* | ☒ Comm. of Superior Court  ☐ Assistant Clerk | For Court Use Only |
|---|---|---|---|---|---|

Receipt | ☐ No Fe
File Date

**If this summons is signed by a Clerk:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons and Complaint.

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date Signed | Docket Number |
|---|---|---|---|

EXHIBIT

2006 WL 1046695
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK
COURT RULES BEFORE CITING.

Superior Court of Connecticut,
Judicial District of New Haven.

CYR REAL ESTATE
v.
Frank J. CUZIO.

No. CV054006819S. | March 29, 2006.

**Synopsis**

**Background:** Real estate agency sued property owner for
breach of contract. Property owner moved to disqualify
agency's attorney.

**Holding:** The Superior Court, judicial district of New Haven,
Silbert, J., held that attorney's prior representation of owner's
ex-wife did not warrant disqualification.

Motion for disqualification denied.

West Headnotes (1)

**1      Attorney and Client**
         Particular Cases and Problems

         Disqualification of attorney representing real
         estate agency in its breach of contract action
         against property owner was not warranted due
         to attorney's prior representation of owner's ex-
         wife in their divorce proceedings, even though
         wife had, at one time, claimed an interest in
         the property that was the subject of the contract
         action, given that there was no allegation that
         attorney was about to reveal any confidential
         information, attorney's representation was not in
         direct conflict with wife's interests, and there
         was no evidence that agency's interests were
         materially adverse to those of wife. Rules of
         Prof.Conduct, Rules 1.6, 1.7, 1.9.

         1 Cases that cite this headnote

**Attorneys and Law Firms**

Kolb & Associates PC, East Haven, for CYR Real Estate.

James F. Cirillo Jr., Attorney at Law, Branford, William J.
Nulsen, Madison, for Frank J. Cuzio.

**Opinion**

JONATHAN E. SILBERT, Judge.

*1 This is a breach of contract action in which the plaintiff
real estate agency, having allegedly found a ready, willing
and able buyer for property owned by the defendant, is now
attempting to recover a commission from the defendant. The
defendant has moved to disqualify the plaintiff's attorney,
Frank Kolb, Esq., based on his contention that Kolb had
represented the defendant's former wife in the now completed
action to dissolve their marriage. The defendant argues that
because the defendant's wife had once claimed a financial
interest in the marital home, which is the subject matter of
this litigation, and because the wife was also a signatory to a
contract for the purchase of a new home, it would be a conflict
of interest for Kolb to "now represent a creditor of both the
defendant and of his former wife." He also contends that there
is an additional conflict in the possibility that the defendant's
former wife could be "called as a witness in this matter or
cited in as a party defendant ..."

The plaintiff has objected to the motion to disqualify, arguing
that Kolb has never represented the defendant and that, to
the contrary, he has always represented a position adverse to
that of the defendant. The plaintiff contends that all issues
relating to the former wife's interest in the property in question
were disposed of in the context of the dissolution matter and
that her having been a signatory to the contract mentioned
by the defendant is irrelevant because she was not an owner
of the property in question. The plaintiff also represents that
Kolb has received no privileged information relevant to this
case and that the mere possibility that a former client of his
might be called to testify is not, in and of itself, grounds for
disqualification.

"The trial court has the authority to regulate the conduct
of attorneys and has a duty to enforce the standards of
conduct regarding attorneys ... The trial court has broad
discretion to determine whether there exists a conflict of
interest that would warrant disqualification of an attorney ...
Disqualification of counsel is a remedy that serves to enforce

CYR Real Estate v. Cuzio, Not Reported in A.2d (2006)

the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information ... In disqualification matters, however, we must be solicitous of a client's right freely to choose his counsel ... mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations ... The competing interests at stake in the motion to disqualify, therefore, are: (1) the defendant's interest in protecting confidential information; (2) the plaintiffs' interest in freely selecting counsel of their choice; and (3) the public's interest in the scrupulous administration of justice." (Citations omitted; internal quotation marks omitted.) *Bergeron v. Mackler*, 225 Conn. 391, 397-98, 623 A.2d 489 (1993). Additionally, "the appearance of impropriety alone is simply too slender a reed on which to rest a disqualification order except in the rarest of cases ... Although considering the appearance of impropriety may be part of the inherent power of the court to regulate conduct of attorneys, it will not stand alone to disqualify an attorney in the absence of any indication that the attorney's representation risks violating the Rules of Professional Conduct." (Citations omitted; internal quotation marks omitted.) *Id.*, at 399-400, 623 A.2d 489.

**\*2** "A party moving for disqualification of an opponent's counsel must meet a high standard of proof ... [B]efore permitting a party to disqualify an attorney the moving party bears the burden of proving facts which indicate disqualification is necessary. The courts should act very carefully before disqualifying an attorney and negating the right of a client to be represented by counsel of choice." (Citation omitted; internal quotation marks omitted.) *Blakemar Construction v. CRS Engineering, Inc.*, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 04 0412727 (February 10, 2005, Skolnick, J.). "Disqualification is both harsh and draconian, and ... [t]he courts should act very carefully before disqualifying an attorney ..." *Id.*

Although the defendant's motion to disqualify cites "the Rules of Practice," he has not deigned to draw the court's attention to any particular rule of practice that might support his claim nor, for that matter, to provide the court with any authority whatsoever for his position. The court has,

therefore, undertaken to review for itself those rules that might possibly be applicable to the present situation.

Rule 1.6 of The Rules of Professional Conduct, dealing with Confidentiality of Information, states that a "lawyer shall not reveal information relating to representation of a client unless the client consents after consultation ..." There have been no allegations in this case that plaintiff's counsel is about to reveal any confidences conveyed to him by Dana Cuzio or that Ms. Cuzio has any concerns at all about Kolb's representation of Cyr.

The general conflict of interest rule is found in Rule 1.7 of The Rules of Professional Conduct, and it states that a "lawyer shall not represent a client if the representation of that client will be directly adverse to another client ..." There has been absolutely no suggestion here that Attorney Kolb's representation of Cyr would be directly adverse to the interests of Dana Cuzio, or vice versa.

Rule 1.9 deals with "Conflict of Interest: Former Client." It states that "a lawyer who has formerly represented a client in a matter shall not thereafter: (1) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or (2) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known." The defendant in this case has not suggested any manner in which the plaintiff's interests are materially adverse to those of Dana Cuzio, nor has there been any suggestion that this attorney will be using information relating to his representation of this plaintiff to the disadvantage of his former client. Nor has the defendant in any way established that this matter is "substantially related" to the dissolution of marriage action in which Kolb represented the defendant's former wife.

**\*3** If there are other "Rules of Practice" that require the disqualification of plaintiff's attorney, this court has been unable to find them. As previously indicated, the defendant has been of no assistance to the court in finding them either.

The amended motion for disqualification is denied.

© 2012 Thomson Reuters. No claim to original U.S. Government Works.

Next