UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED DEALERS OF CT, a trade
name adopted by the plaintiffs herein

Civil Action No.

3:12-cv-00474-AWT

v.

GREEN VALLEY OIL, LLC
LUKOIL AMERICASCORP. and
CAMBRIDGE PETROLEUM HOLDING, INC         AUGUST 14, 2012
Defendants

PARTIES' JOINT REPORT PURSUANT TO FRCP 26(f)

Except where otherwise noted, the parties to this litigation submit this report jointly:

1. Counsel for the parties met with PJO James Hawkins on Sunday, July 8, 2012 to discuss discovery in this case. Attorney Sanson could not attend but was available by phone. On July 30, 2012, the parties, excluding Attorney Sanson, attended a settlement conference at the Bridgeport Courthouse supervised by PJO Hawkins. This report is the result of discussions at those conferences as well as intervening telephone conversations.

2. Initial Disclosures. The parties will complete initial disclosures on or before October 12, 2012.

3. Discovery Plan.

   (a) Subjects on which discovery is needed. Plaintiffs seek discovery as to the nature and extent of the communications and transactions between Green Valley Oil, GPMI, Getty Realty and related entities. The plaintiffs will further

seek discovery related to the payment of security deposits. The nature and extent of discovery required by the defendants will depend largely upon the discovery sought and received by the plaintiffs. Indeed, all discovery will depend in part upon the activity as well as the outcome of related litigation.

(b) Disclosure or discovery of electronically stored information. The parties will produce such items in PDF form on DVD disc.

(c) The parties have agreed to a confidentiality stipulation and order, which is attached hereto for the Court's review and signature. The stipulation provides that documents produced in this litigation may also be used in the state summary process proceedings now pending on the Complex Litigation Docket in Stamford and other related proceedings.

(d) Written discovery shall be completed by December 15, 2012.

(e) At this point it is unclear whether any party will serve requests for admission, except as to the authenticity of documents.

(f) The nature and extent of required depositions is unknown at this time and will depend largely on activities in related litigation.

(g) The depositions shall not otherwise be limited.

(h) Expert witness reports shall be served on February 1, 2013. Reply reports shall be served on March 15, 2013. Expert depositions shall take place by June 1, 2013.

(i) Supplementations under Rule 26(e) shall be made by September 14, 2013.

4. Other Items:

(a) The parties do not request a telephone conference prior to issuance of a scheduling order.

(b) The disputes between the plaintiff's and the lukoil defendants have been resolved in principle; the parties are "word smithing" as of this writing.

(c) The parties expect to contact the court with respect to further hearings on the preliminary injunction as needed.

(d) A pretrial conference is requested ten days before trial.

(e) Defendants shall answer or otherwise plead with respect to the Complaint on or before September 15, 2012, or as required by the FRCP after any amendment, whichever is later.

(f) The parties shall be permitted to amend pleadings to add parties or claims without further permissions on or before September 15, 2012 and only with leave of the Court thereafter.

(g) Dispositive motions shall be filed on or before February 1, 2013.

(h) The parties continue to work toward settlement. Some claims are partially resolved. There remains some possibility of further settlements.

(i) Plaintiffs do not believe alternative dispute resolution would be useful.

(j) Trial witness lists, deposition designations and exhibit lists shall be made 30 days prior to trial.

(k) FRCP 26(a)(3) objections shall be made 30 days prior to trial.

(l) Plaintiffs suggest a trial date of October 2013 and project trial time of four days.

(m) Attorney Sanson was not asked to participate in this order as the claims against his client have been resolved in principle.

ANDERSON KILL & OLICK PC

By _____/s/ C-Lee / by JJM_____
Charles T. Lee, Esq.
Anderson Kill & Olick, P.C.
1055 Washington Blvd., Suite 510
Stamford, CT  06901
Ph.: (203) 388-7950
Fx.: (203) 388-0750
Bar # (CT00297)

Dated: August 14, 2012

*Attorneys for:* Green Valley Oil, LLC

*Not appearing:*
Cambridge Petroleum Holding, Inc.

BARR & MORGAN

By _____[signature]_____
John J. Morgan
Barr & Morgan
22 Fifth Street
Stamford, CT  06905
Ph.: (203) 356-1595
Fx.: (203) 357-8397
Bar # (CT13312)

Dated: August 14, 2012

*Attorneys for:* United Dealers

SHIPMAN & GOODWIN

By _____N/A_____
Paul D. Sanson, Esq.
Vaughan Finn, Esq.
One Constitution Plaza
Hartford, CT  06103
Ph.: (860) 251-5721
Fx.: (860) 251-5219
Bar # (CT05477)

Dated: August 14, 2012

*Attorneys for:* Lukoil Americas Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GETTY PROPERTIES CORP. and NECG HOLDINGS CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> TUXIS-OHR FUEL, INC., RENALDI'S GETTY, LLC, and HSTN LLC, <br><br> Defendants. | Civil Action No. 3:12-CV-00865-AWT <br><br><br><br> July 25, 2012 |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The Parties to this litigation, by and through their undersigned counsel, hereby agree as follows:

(a)     Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

(b)     The intent of the parties is that the confidential information disclosed shall be used for the above referenced litigation as well as related litigation between (i) the parties hereto and (ii) one or more of the parties hereto and other entities. Notwithstanding said intent no signatory to this order shall disclose any confidential information to any person or entity except as permitted in this order or unless necessary to advance the related litigation. If confidential information is disclosed in any related litigation, all recipients of said information shall be notified of this order and this order

991950.3
992318.1

shall apply to all recipients of said information unless expressly superseded by an order of a court of competent jurisdiction. The parties further stipulate that this stipulation may be "so ordered" in any litigation in which they are parties upon application to the relevant Court. This Court shall retain jurisdiction to the extent necessary to enforce this order unless another court of competent jurisdiction exercises authority over the said confidential information. In any matter in which another court exercises jurisdiction, such other Court shall control disclosure in the relevant jurisdiction.

(c)     In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute in accordance with Rule 37(a)(2) of the Local Rules of the District Court for the District of Connecticut, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Stipulation and Protective Order operated to create an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law and Court rules.

(d)     Information or documents designated as "Confidential" shall not be disclosed to any person, except:

(1)     The requesting party and counsel of record;

(2)     Employees of such counsel assigned to and necessary to assist in the litigation;

(3)     Consultants or experts to the extent deemed necessary by counsel;

(4)     Any person from whom testimony is taken or is to be taken in these actions, except that such person may only be shown that confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

2

(5)   The Court or the jury at trial or as exhibits to motions.

(e)   Prior to disclosing or displaying the confidential information to any person, counsel shall:

(1)   Inform the person of the confidential nature of the information or documents; and

(2)   Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation or the summary proceedings pending in state court between the Parties and other former Green Valley dealers, as the case may be, and has enjoined the disclosure of that information or documents to any other person.

(f)   The confidential information may be displayed to and discussed with the persons identified in Paragraphs (d)(3) and (4) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

(g)   For the purpose of Paragraphs (d)(4) and (5), any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and such documents will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5€ of the Local Rules of this Court. This Protective Order does not provide for the automatic sealing of any documents.

(h)   At the conclusion of litigation and upon request by the producing party, the confidential information and any copies thereof shall be promptly (and in no event later

than forty-five (45) days after entry of final judgment) returned to the producing party or certified as destroyed.

(i) The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

_____
Charles T. Lee, Esq.
Anderson Kill & Olick, P.C.
1055 Washington Blvd., Suite 510
Stamford, CT 06901
Ph.: (203) 388-7950
Fx.: (203) 388-0750
Bar # (CT00297)

Dated: July 2, 2012

*Attorneys for:* Getty Properties Corp and NECG Holdings Corp.

_____
John J. Morgan
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
Ph.: (203) 356-1595
Fx.: (203) 357-8397
Bar # (CT13312)

Dated: July  , 2012

*Attorneys for:* Renaldi's Getty, LLC, and HSTN LLC

_____
Vincent J. McManus, Esq.
116 South Main Street
Wallingford, CT 06492
Ph.: (203) 269-1111
Fx.: (203) 265-0625
Bar # (CT05503)

Dated: July  , 2012

*Attorney for:* TUXIS-OHR FUEL, INC.

IT IS SO ORDERED.

_____
Hon. Alvin W. Thompson, U.S.D.J.

4

991950.3
992318.1

than forty-five (45) days after entry of final judgment) returned to the producing party or certified as destroyed.

(i) The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

Charles T. Lee, Esq.
Anderson Kill & Olick, P.C.
1055 Washington Blvd., Suite 510
Stamford, CT 06901
Ph.: (203) 388-7950
Fx.: (203) 388-0750
Bar # (CT00297)

Dated: July    , 2012

*Attorneys for*: Getty Properties Corp and NECG Holdings Corp.

John J. Morgan
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
Ph.: (203) 356-1595
Fx.: (203) 357-8397
Bar # (CT13312)

Dated: July    , 2012

*Attorneys for*: Renaldi's Getty, LLC, and HSTN LLC

Vincent J. McManus, Esq.
116 South Main Street
Wallingford, CT 06492
Ph.: (203) 269-1111
Fx.: (203) 265-0625
Bar # (CT05503)

Dated: July    , 2012

*Attorney for*: TUXIS-OHR FUEL, INC.

IT IS SO ORDERED.

_____
Hon. Alvin W. Thompson, U.S.D.J.

4

991950.3
992318.1

EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| GETTY PROPERTIES CORP. and NECG HOLDINGS CORP., | Civil Action No. 3:12-CV-00865-AWT |
| Plaintiffs, | |
| vs. | |
| TUXIS-OHR FUEL, INC., RENALDI'S GETTY, LLC, and HSTN LLC, | July 25, 2012 |
| Defendants. | |

### EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENITAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any confidential information to any person or entity except as permitted in the order. If confidential information is disclosed in any litigation other than that captioned above, I agree that the order in that case shall apply to me and all other recipients of said information unless expressly superseded by an order of a court of competent jurisdiction. I further stipulate that this exhibit and the Order may be "so ordered" in any related litigation in which I am a party upon application to the relevant Court. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Connecticut only to the extent necessary

to enforce this order unless another court of competent jurisdiction has exercised authority over the said confidential information. In any matter in which another court exercises jurisdiction, such other Court shall control disclosure in the relevant jurisdiction and I hereby agree to submit to the jurisdiction of that court solely with respect to the same.

_____             DATED:_____

**Signed in the presence of:**

_____
(Attorney)