# EXHIBIT B

ZEISLER & ZEISLER, P.C.
558 Clinton Avenue
Bridgeport, Connecticut 06605
Telephone: (203) 368-4234
Facsimile: (203) 549-0872
Matthew K. Beatman (MB2705)
Aaron A. Romney (AR4700)

*Attorneys for United Dealers of CT*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| GETTY PETROLEUM MARKETING, INC. et. al., | : |
| | : |
| Debtors, | : Case No. 11-15606 (SCC) |
| | : (Jointly Administered) |
| | : |

**OBJECTION TO ENTRY OF STIPULATION AND ORDER IN CONNECTION WITH
BILL OF SALE FROM GREEN VALLEY OIL TO AOC TRANSPORT**

The United Dealers of CT (the "United Dealers"),[1] by and through their undersigned attorneys, Zeisler & Zeisler, P.C., hereby object to entry of the *Stipulation and Order In Connection With Bill of Sale From Green Valley Oil To AOC Transport* (the "Bill of Sale Stipulation"). [Doc. No. 716]. In support thereof, the United Dealers respectfully set forth and represent as follows, upon information and belief:

---

[1] The United Dealers of CT is a trade name adopted by the following persons, each of which is or was a sub-tenant of Green Valley Oil, LLC, which is or was itself a sub-tenant of the Debtors: P&M Petromart, LLC; Sapphire Enterprises LLC d/b/a BP; Madison Ave Mart LLC d/b/a BP; H & A Convenience LLC d/b/a BP; Hawars Park Ave LLC d/b/a Getty; Sole Proprietorship d/b/a Getty Mart (#1); RHS LLC; Bristol Gas LLC d/b/a BP; Superior Service Inc d/b/a Getty; Pakam Services LLC d/b/a Cheshire Getty; Surya, Inc. d/b/a BP; Mehar Petro Inc d/b/a Getty; Norton Service Station, Inc.; HST LLC d/b/a BP; JanRisk Capital LLC d/b/a BP; JD Foodmart LLC; SSAW LLC d/b/a BP; Shamama Enterprises, Inc. d/b/a Sana Gas; One Stop Mart LLC; JZ Mart LLC d/b/a BP of Milford; Indtur LLC d/b/a BP; Navjot Enterprises, Inc. d/b/a BP; UNHK LLC d/b/a Getty; 331 West Ave Gas Sts LLC; Expert Auto Repairs LLC d/b/a B & B Getty; Renaldi's Getty LLC; Stateline Getty, Inc.; Pamby Motors, Inc. d/b/a Getty; ATKR LLC d/b/a BP; Zs Ent. LLC d/b/a BP; West Broad Svc Center LLC d/b/a West Broad Getty; Bodaeve, Inc. d/b/a Bull's Head Service; Tolland C Store LLC; Sole Proprietorship d/b/a Getty Mart; J & J Car Care Center, Inc. d/b/a Westport Getty; Wilton Service Center, Inc. d/b/a Wilton Auto & Tire; Wolcott BP LLC d/b/a BP. The name "United Dealers of CT" is used herein for purposes of administrative convenience only and such use should not be construed to limit the rights of each individual United Dealer, each of which is a party in interest on whose behalf this Objection has been filed.

## INTRODUCTION AND BACKGROUND

The Court is intimately familiar with the ongoing dispute between the United Dealers and Getty Properties Corp. ("Getty Properties") such that the United Dealers need not reiterate the parties' convoluted history here. Suffice it to say, Getty Properties has repeatedly, abusively and unsuccessfully sought to use this Court as a vehicle to (i) deprive the United Dealers of their property rights with little or no notice to them, in violation of due process; and/or (ii) gain an unfair advantage in an action pending in the United States District Court for the District of Connecticut (the "District Court Action").[2] While it is not entirely clear whether the Bill of Sale Stipulation is another attempt by Getty Properties to do so, the Court should deny the request for entry of an order approving the Bill of Sale Stipulation because it is ambiguous and appears inconsistent with numerous representations previously made by Getty Properties to this Court and the Connecticut District Court. In the alternative, the Court should allow the United Dealers adequate time to conduct discovery concerning the purpose and intent of the Bill of Sale Stipulation and an opportunity to participate in oral argument.

## THE BILL OF SALE STIPULATION

The Debtors, the Official Committee of Unsecured Creditors (the "Committee"), Getty Properties, Gettymart, Inc., AOC Transport, Inc ("AOC") and Green Valley Oil, LLC ("GVO", collectively referred to along with the Debtors, the Committee, Getty Properties, Gettymart, Inc. and AOC as the "Signatories"), seek entry of an order approving the Bill of Sale Stipulation, which purportedly confirms the Signatories' "understanding" of a bill of sale (the "Bill of Sale") concerning certain underground storage tanks and related personalty ("UST Installations"). [Bill of Sale Stipulation, p. 5]. The Bill of Stipulation provides, in relevant part:

---

[2] Getty Properties Corp. et al. v. Tuxis-Ohr's Fuel, Inc. et al., No. 3:12cv-00865 (AWT).

(1) "[GVO], as Seller, and [AOC], a wholly-owned subsidiary of Getty Properties Corp. . . as Buyer, *are entering or have entered into that certain Bill of Sale* . . . with respect to [the UST Installations], as more particularly defined in the Bill of Sale and located at the Sites referred to therein;" [Id., p. 4] (emphasis added);

(2) "[T]he sites were formerly leased by [Getty Properties] pursuant to the Master Lease (as referred to in the Bill of Sale);" [Id.] and

(3) "[T]he Bill of Sale is in further confirmation of the *previous transfer*, inter alia, of the UST Installations pursuant to those certain Bills of Sale **given by GPMI to [Getty Properties]** dated as of May 1, 2012." [Id., p. 5] (emphasis added).

## ARGUMENT

### A.  The Bill of Stipulation is Ambiguous And Internally Inconsistent.

The Bill of Sale Stipulation repeatedly cross references the Bill of Sale, but the Signatories failed to attach the Bill of Sale to the Stipulation. As a result, the Court and other interested parties cannot identify the UST Installations which are subject to the Bill of Sale Stipulation. Therefore, it is impossible to determine whether the Bill of Sale Stipulation infringes on the rights of third parties.

In addition, the Bill of Sale Stipulation fails to identify whether the Bill of Sale has even been executed. The Bill of Sale Stipulation provides that GVO and AOC "are entering" or "have entered" into the Bill of Sale. [Id., p. 4]. It is unclear why the Bill of Sale would be dated May 1, 2012, as the Bill of Sale Stipulation provides, if the Bill of Sale had not been executed when the Signatories executed the Stipulation. Conversely, if the Bill of Sale had been executed on May 1, 2012, it is unclear why the Bill of Sale Stipulation has been presented to the Court for approval now—more than four months later.

Finally, the Bill of Sale Stipulation fails to explain how the "Bill of Sale" (entered into between GVO and AOC) could possibly serve as "further confirmation of the previous transfer"

from "GPMI to Getty Properties or its designees," which was purportedly effectuated by a separate bill of sale also dated May 1, 2012. [Id., p. 5]. It is unclear how two separate bills of sale, executed by entirely different parties, bearing the same date, could possibly serve as confirmation of each other. It is equally unclear how GPMI's transfer of the UST Installations to Getty Properties could have been valid if GVO has/had the right to transfer the UST Installations to AOC. The Court should not enter an order approving the Bill of Sale Stipulation in light of these unanswered questions.

### B. If The Bill of Sale Stipulation Concerns UST Installations Located At Service Stations Operated by The United Dealers, The Bill of Sale Stipulation Contradicts Prior Representations Made By Getty Properties To This Court And The Connecticut District Court.

Getty Properties has repeatedly maintained that it had previously assigned ownership of the UST Installations to a third party, NECG Holdings Corp. ("NECG"). Specifically, in the *Joint Motion of The Debtors, The Committee And Getty Properties For Clarification of The Order Rejecting The Master Lease*, Getty Properties claimed that the United Dealers were "making unauthorized use of gasoline-storage tanks." [Doc. No. 595, ¶ 22]. Then, in its *Reply In Further Support of Joint Motion For Clarification of The Order Rejecting The Master Lease*, Getty Properties maintained that the United Dealers "have been purchasing unbranded gasoline from an unauthorized distributor at a discount (on account of the lack of branding), [and] storing it without permission in gasoline-storage tanks owned by Getty Properties' assignee." [Doc. No. 633, ¶ 27]. Finally, in its complaint in the District Court Action, dated June 7, 2012, Getty Properties alleged that it had "transferred ownership of the underground storage tanks, piping, and dispensers at the stations to NECG." [District Court Action, Doc. No. 1, ¶ 10].

The purported transfer of the UST Installations from GVO directly to AOC is entirely inconsistent with Getty Properties' prior representations concerning ownership of the UST

4

Installations (assuming the Bill of Sale Stipulation concerns UST Installations located in Connecticut). If GVO has transferred (or has the right to transfer) the UST Installations to AOC, then Getty Properties never owned or assigned the UST Installations to NECG. Conversely, if, Getty Properties has already assigned the UST Installations to NECG, as it has continuously represented to this Court and the District Court, then the Court should not "confirm" the Signatories' false "understanding" that GVO has transferred, or will transfer, the UST Installations to AOC. Most importantly, if GVO or AOC own the UST Installations, as the Bill of Sale Stipulation purports, then Getty Properties and NECG lack standing to seek injunctive relief in the District Court Action, since the basis for this relief was premised on ownership of the tanks by NECG, as an assignee of Getty Properties. [District Court Action, Doc. No. 1, ¶ 10; Bill of Sale Stipulation, p. 4].

Of course, it is impossible to know whether the Bill of Sale Stipulation concerns the United Dealers because the Stipulation fails to identify the UST Installations. On this basis alone, the Court should not enter an order approving the Bill of Sale Stipulation.

### C. If The Bill of Sale Stipulation Concerns UST Installations Located At Service Stations Operated by The United Dealers, The Bill of Sale Is Void Because It Violates The United Dealers' Rights of First Refusal Under Conn. Gen. Stat. § 42-133mm.

The United Dealers are franchisees within the meaning of Conn. Gen. Stat. § 42-133 et seq. Connecticut law affords all franchisees with the right of first refusal on offers concerning their franchisors' interests in their marketing premises. Conn. Gen. Stat. § 42-133mm.

The Bill of Sale purports to transfer the UST Installations from GVO to AOC. Insofar as the Bill of Sale Stipulation refers to UST Installations located in Connecticut, the Bill of Sale Stipulation violates the United Dealers' statutory rights of first refusal. Moreover, insofar as the Bill of Sale Stipulation refers to UST Installations located in Connecticut, the Stipulation likely

constitutes yet another attempt by Getty Properties to forum shop and bypass the Connecticut District Court's authority. The Connecticut District Court addressed itself to the issue as early as a July 2, 2012 telephonic hearing. [Transcript of July 2, 2012 Telephonic Hearing in District Court Action, p. 7].[3] While Getty Properties may wish to pre-empt Judge Thompson's consideration of the matter, the United Dealers respectfully submit that the Connecticut District Court is the proper forum for resolution of this issue. For these reasons, the Court should not enter an order approving the Bill of Sale Stipulation.

### Request for Waiver of Requirement of Memorandum of Law

As no novel issue of law is raised and the relevant authorities relied upon by the United Dealers are set forth herein, the United Dealers request a waiver of the requirement of a memorandum of law.

### Notice

A copy of this Objection has been sent by email and/or the courts electronic notification system to all of the following: (a) counsel to the Creditor's Committee; (b) the United States Trustee for the Southern District of New York; (c) counsel to the Debtors; (d) counsel to Getty Properties, Gettymart Inc. and AOC; (e) counsel to GVO; and (f) all other parties appearing in the Debtors' bankruptcy case. In light of the circumstances surrounding this Objection, the United Dealers submit that no other or further notice need be provided.

### CONCLUSION

The Bill of Sale Stipulation is vague, internally inconsistent, and likely contradicts numerous representations previously made by Getty Properties to this Court and the Connecticut District Court. At best, the Bill of Sale Stipulation fails to inform the Court and all parties in interest of its meaning and purpose, and at worst it constitutes another attempt by Getty

---

[3] The transcript from the July 2 telephonic hearing was filed in this Court on July 13, 2012. [Doc. No. 592-2].

Properties to forum shop, mislead the Court and obtain an unfair advantage in the Connecticut District Court Action. For these reasons, the Court should (1) (i) deny the Signatories' request for an order approving the Bill of Sale Stipulation; or (ii) defer its decision until after the United Dealers have been afforded an opportunity to conduct discovery and the Court conducts oral argument; and (2) grant such further relief as it deems just and proper.

Dated: Bridgeport, Connecticut
       September 4, 2012

UNITED DEALERS OF CT

/ Matthew K. Beatman
Matthew K. Beatman (MB2705)
Aaron A. Romney (AR4700)
558 Clinton Avenue
Bridgeport, Connecticut 06605
mbeatman@zeislaw.com
Telephone: (203) 368-4234
Facsimile: (203) 549-0872

*Attorneys for United Dealers of CT*