UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED DEALERS OF CT, a trade
name adopted by the plaintiffs herein

v.

GREEN VALLEY OIL, LLC
LUKOIL AMERICASCORP. and
CAMBRIDGE PETROLEUM HOLDING, INC
Defendants

Civil Action No.

3:12-cv-00474-AWT

September 24, 2012

## MOTION TO STRIKE

The plaintiffs hereby move to strike the response in opposition filed by a non-party to the urgent relief sought by the plaintiffs in this matter.

As a preliminary matter, it is understood that the only defendant, <u>Green Valley Oil, LLC, has no objection</u> to the plaintiff's motion. That understanding was confirmed by Attorney Lee in the opposing papers. So, the undersigned respectfully submits that the injunction should be granted on that basis alone. But to the extent that the Court has been provided an opposition by one or more non-parties, the plaintiffs object to the same and hereby move to strike it.

1

**It is unclear under what authority Mr. Lee has filed the opposition**

As best we can tell, Defense counsel was advised by his <u>only</u> client in this action that there was no objection to the plaintiffs' application. But he was apparently not happy with that instruction. Counsel apparently solicited other entities to express an objection. Since the pleading is a little garbled, the undersigned is at a complete loss to determine who Attorney Lee purports to represent in his objection. It is obvious that he is not protecting the interests of Green Valley Oil, LLC – the only entity for which he has an appearance.

According to the docket, the pleading was filed on behalf of Getty Petroleum Marketing, Inc. an entity represented by Attorney Lee in other matters. As of this filing, the undersigned has not seen any appearance by Mr. Lee for Getty Petroleum Marketing in this case. Getty Petroleum Marketing is not a party to the case. Green Valley and Getty Petroleum Marketing remain in heated litigation and it is understood that Getty Petroleum Marketing has a judgment against Green Valley. If Mr. Lee in fact represents Getty Petroleum Marketing in this case, the conflicts, which were disturbing before, now become even more problematic. The filed opposition lends further credence to the Motion to Disqualify which remains pending before the Court and which the undersigned hopes the Court will consider in the near future.

To the extent the opposition was filed by Mr. Lee on behalf of Getty Properties, Corp. it shares the same procedural infirmities. Again, Mr. Lee has no appearance for Getty Properties, Corp. in this action, although he does in other actions. Again, Getty Properties, Corp. is also not a party to this action. It appears that the objection is really an attempt to address misrepresentations made by Getty Properties, Corp. in the Tuxis-Ohr litigation before this Court as to the alleged ownership of the UST systems on the subject properties.

The undersigned respectfully submits that the opposition should be stricken as a matter of course because it was filed by an attorney who does not have an appearance for the entity on whose behalf the pleading is filed. It should further be stricken because neither entity is a party to this case.

The procedural question surrounding Mr. Lee's action contrary to his client, Green Valley oil's instructions is only one problem. A further problem is whoever Mr. Lee purports to represent has no standing in this case and has no standing to object where the parties in the action do not.

**The Proposed Transaction:**

This is a proposed transaction in which assets purport to be transferred from Green Valley Oil, LLC to AOC Transport, Inc. The proposed transaction directly contradicts the

assertions made by other entities to the effect that various items of property were transferred by Green Valley to Getty Marketing and thence to other entities.

It is understood that Getty Marketing never took the UST systems – on paper or otherwise – as a result of the bankruptcy or otherwise. There is an extremely good reason for that. Environmental exposure is one of those liabilities where "in for a penny, in for a pound" applies with full force. Getty Petroleum Marketing never wanted that exposure. They only took the leaseholds – not the personal property. The dealers have known that all along.

It now appears that Getty Properties, Corp. attempted to get Getty Petroleum Marketing, Inc. to either directly claim or to support Getty Properties' claim that the tanks passed to Getty Properties through Getty Petroleum Marketing. We have reason to believe that attempt was unsuccessful. One suspects Getty Properties, Corp. doesn't want the environmental liability either. So, Getty Properties conjured up the subject transaction to bypass **both** Getty Petroleum Marketing and Getty Properties by arranging the transfer directly between Green Valley and AOC Transport, Inc. In other words, the papers do not support the argument Getty Properties has been making (that it owned the tanks) in the multiple legal actions surrounding these properties. While that is indeed unfortunate for Getty Properties and its minions, as set forth below, it does not create standing in this case.

4

## Neither Getty Petroleum Marketing, nor Getty Properties has standing in this action.

The only parties to this action are the United Dealers and Green Valley Oil, LLC. That's it. The proposed transaction sought to be enjoined is between Green Valley and AOC Transport. The dealers are the movants, Green Valley has no objection. Neither Getty Petroleum Marketing nor Getty Properties is a party and neither has standing to object.

To the extent the objection purports to be by Getty Petroleum Marketing, Getty Petroleum Marketing has never claimed any interest in the property subject to this application. Certainly, no document has been provided to the Court to demonstrate that it has. In fact, to the extent there was any ambiguity, it rejected any interest it might have had in the premises. There is also no serious question that Getty Marketing was deriving no benefit from the proposed transaction sought to be enjoined, rather it is releasing Green Valley and thereby taking on liability that it would not otherwise have.

To the extent that the opposition was filed by Getty Properties, Corp. it is even more meritless. The proposed transaction is between Green Valley Oil, LLC and AOC Transport, Inc. Although the transaction documents suggest that Getty Properties desired the transaction to go forward, that does not bootstrap Getty Properties into standing. It is not otherwise in the transaction at all. In fact, if the transaction were to go through, it would

cast at least serious doubt – if not more – upon Getty Properties' claims of title in the Tunis-Ohr case among others.

We understand that Getty Properties, Corp. has a significant problem; namely, that it made apparent misrepresentations of fact to this Court in the Tuxis-Ohr matter. It appears that it now knows what the dealers have known all along. It appears that it cannot cure the defects in it claim of title. But that is not a basis upon which to derive standing here. Getty Properties is simply not in the proposed transaction. The bottom line is: the only interest Getty Properties, Corp. has is to protect itself from the now inevitable Motion to Dismiss in the Tuxis-Ohr matter. It has no standing in the transaction which is the subject of this Application.

**Conclusion:**

Because the opposition is facially improper in that it was filed by an attorney who has not appeared for either of the possible parties for whom the opposition might have been filed and neither of which are parties to the action, it should be stricken. Further, because there is no opposition by any party to the action, the application should be granted and the opposition should be stricken.

Notwithstanding the procedural improprieties, the opposition should be stricken in that neither of the entities on whose behalf it could have been filed, have any standing to object, especially where the parties to the action do not.

THE PLAINTIFFS,

By:_____
John J. Morgan
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
(203) 356-1595
CT13312

CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2012 a copy of the foregoing with attachments was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any one unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: _____
John J. Morgan ct13312
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
Ph. (203) 356-1595
Fx: (203) 357-8397
Jmorgan@pmpalawyer.com