UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED DEALERS OF CT,

                Plaintiff,

    vs.

GREEN VALLEY OIL, LLC, et al.,

                Defendant.

3:12-cv-00474-AWT

January 10, 2013

## DEFENDANT GREEN VALLEY OIL, LLC'S OPPOSITION
## TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

        Defendant Green Valley Oil, LLC ("Green Valley") submits this Opposition to Plaintiffs' Motion for Entry of Default Judgment (the "Default Motion").  Plaintiffs' Default Motion is improper and unsupported on its face and, in any event, Green Valley submits concurrently herewith its Amended Answer in response to Plaintiffs' Amended Complaint.

        First, the Motion for Entry of Default Judgment is improper because it requests immediate entry of a default judgment prior to entry of default for failure to plead.  *See* F.R.C.P. 55(b)(2); *Wright & Miller*, 10A Fed. Prac. & Proc. Civ. § 2685 (3d ed. 2012) (F.R.C.P. 55 and *Wright & Miller* indicate that plaintiffs should first seek an "entry of default" or an order finding plaintiffs in default before moving for entry of a default judgment).  Further, the application for entry of judgment must be made to the Court and notice of the application must be sent to any defaulting party who has appeared, which allows the allegedly defaulting party to show why a default judgment should not be entered.  *Id.*

Second, case law acknowledges that courts have broad discretion in determining whether a default judgment is appropriate. *See, e.g., Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). For a default judgment to enter, the defendant must be considered "totally unresponsive" and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment. *Id.* Here, the Court should not enter a default judgment because Green Valley certainly has not been "totally unresponsive." In fact, Green Valley answered Plaintiffs' initial complaint in this action, conducted lengthy and ongoing settlement discussions with Plaintiffs' counsel, and hereby responds to the motion for entry of default, including contemporaneously filing an Amended Answer herewith. *See* Affidavit of Michael Slapo ("Slapo Aff.") filed concurrently herewith at ¶ 2. These actions by Green Valley clearly dictate that a default judgment should not enter in this case.

Based on the above, there is no legal basis to support entry of a default judgment. There also is no factual basis for entry of a default judgment. Prior to Plaintiffs' Amended Complaint being filed on September 15, 2012, the parties' counsel had been pursuing settlement negotiations and there was an agreement by counsel to allow Plaintiffs to file an amended complaint, without objection by Green Valley, but only if such complaint would not require Green Valley to file an amended answer (such as by adding parties but not making any other substantive changes). *See* Slapo Aff., ¶ 3. Accordingly, Green Valley's understanding was, in reliance on Plaintiffs' representations, that it would have no obligation to file an amended answer. *Id.*

When Plaintiffs' Amended Complaint did, in fact, contain additional causes of action, possibly requiring further pleading by Green Valley, in Green Valley's view,

the Amended Complaint violated the terms of the parties' agreement pursuant to which
Green Valley consented to the filing of Plaintiffs' Amended Complaint. *Id.,* ¶ 4. Counsel
for Green Valley requested multiple extensions to the time for filing an Amended
Answer from counsel for Plaintiffs. *Id.,* ¶ 5. Green Valley's understanding was that
Plaintiffs would not seek default judgment against Green Valley, and Plaintiffs did not
seek any relief when Green Valley's initial time to file an amended answer purportedly
lapsed. *Id.*

   In determining whether to grant a motion for entry of a default judgment,
courts may consider a number of factors that may appear from the record before them:
(1) whether the default is largely technical; (2) whether plaintiff has been substantially
prejudiced by the delay involved; (3) whether the grounds for default are clearly
established or are in doubt; (4) the harshness of entry of a default judgment; (5) whether
the default was caused by a good faith mistake or by excusable neglect; (6) whether
plaintiff has engaged in a course of delay or failed to pursue the default in a timely
manner; and (7) whether the court later would be obliged to set aside the default (as it
would be meaningless to enter the judgment as a matter of course if that decision
means that the court immediately would be required to take up the question of whether
it should be set aside). *Wright & Miller*, 10A Fed. Prac. & Proc. Civ. § 2685 (3d ed.
2012). Based on the facts and law as set out above, all of these various considerations
come out in favor of denying Plaintiffs' Default Motion, and accepting Green Valley's
Amended Answer filed concurrently herewith.

For all the reasons set forth above, Defendant Green Valley respectfully submits that this Court should deny Plaintiffs' Default Motion.

By: _____*/s/ Charles T. Lee*_____
Charles T. Lee (CT00297)
Cort T. Malone (CT29018)
Rachel L. Ginsburg (CT28563)
ANDERSON KILL & OLICK, P.C.
1055 Washington Boulevard, Suite 510
Stamford, CT  06901
Telephone:  203-388-7950
Facsimile:  203-388-0750
*Attorneys for:* Green Valley Oil, LLC

1002373.1

## CERTIFICATION

I, Rachel L. Ginsburg, Esq., hereby certify that on January 10, 2013, the
foregoing document was electronically filed with the Clerk of the Court using the
CM/ECF System, which will automatically send email notification of such filing to the
following attorneys of record:

John J. Morgan, Esq.
Barr & Morgan
22 Fifth Street
Stamford, CT 06905

/s/ Rachel L. Ginsburg
Rachel L. Ginsburg

1002373.1