UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED DEALERS OF CT, | 3:12-CV-00474-AWT |
| Plaintiff, | |
| vs. | |
| GREEN VALLEY OIL, LLC, et al., | |
| Defendants. | January 10, 2013 |

**DEFENDANT GREEN VALLEY OIL, LLC'S**
**ANSWER TO SECOND AMENDED COMPLAINT**

Defendant Green Valley Oil, LLC, hereby answers the Second Amended

Complaint of Plaintiffs, United Dealers of CT, as follows:

**I.      Parties:**

1.      Defendant lacks information and knowledge sufficient to form a belief as to

the truth of the allegations contained in Paragraph 1.

2.      Defendant admits so much of Paragraph 2 that alleges Green Valley Oil,

LLC is a Pennsylvania limited liability company and that a member is a citizen of New

Jersey.  Defendant denies its principal place of business is in Rhode Island.  Defendant

lacks information and knowledge sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 2.

1002395.1

## II.      Jurisdiction and Venue:

3.      The allegations contained in Paragraph 3 set forth legal conclusions to which no response is necessary.

4.      The allegations contained in Paragraph 4 set forth legal conclusions to which no response is necessary.

## III.     Facts:

5.       Defendant denies the allegations contained in Paragraph 5.

6.      Defendant denies the allegations contained in Paragraph 6.

7.      Defendant denies the allegations contained in Paragraph 7.

8.      Defendant denies the allegations contained in Paragraph 8.

9.      Defendant denies the allegations contained in Paragraph 9.

10.      Defendant admits Getty Properties leased properties to GPMI and GPMI subleased properties to GVO, LLC.  Defendant denies the remaining allegations contained in Paragraph 10.

11.      Defendant admits the allegations contained in Paragraph 11.

12.      Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

2

13.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.     Defendant denies the allegations contained in Paragraph 15.

16.     Defendant admits that it entered into a stipulated agreement with GPMI on January 24, 2112.  Defendant denies the remaining allegations contained in Paragraph 16.

17.     Defendant admits that the date for GVO to vacate the premises was extended to April 30, 2012.  Defendant denies the remaining allegations contained in Paragraph 17.

18.     Defendant denies the allegations contained in Paragraph 18.

19.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20.     Defendant admits that it moved to transfer "UST installations" to AOC Transport, Inc.  Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20.

21.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     Defendant denies the allegations contained in Paragraph 22.

23.     Defendant denies the allegations contained in Paragraph 23.

24.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     Defendant denies the allegations contained in Paragraph 25.

26.     Defendant denies the allegations contained in Paragraph 26.

27.     Defendant denies the allegations contained in Paragraph 27.

28.     Defendant denies the allegations contained in Paragraph 28.

29.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     Defendant denies the allegations contained in Paragraph 30.

31.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     Defendant denies the allegations contained in Paragraph 32.

33.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     Defendant admits the allegations contained in Paragraph 34.

4

35.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

## COUNT ONE – BREACH OF CONTRACT (GREEN VALLEY OIL)

1-38.   Defendants incorporate by reference their answers to paragraphs 1 through 38 as set forth above.

39.     Defendant denies the allegations contained in Paragraph 39.

40.     Defendant denies the allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41.

## COUNT TWO – UNJUST ENRICHMENT

1-38.   Defendant incorporates by reference its answers to paragraphs 1 through 38 as set forth above.

39.   Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40.   Defendant denies the allegations contained in Paragraph 40.

41.   Defendant admits the allegations contained in Paragraph 41.

42.   Defendant denies the allegations contained in Paragraph 42.

43.   Defendant denies the allegations contained in Paragraph 43.

44.   Defendant denies the allegations contained in Paragraph 44.

45.   Defendant denies the allegations contained in Paragraph 45.

## COUNT THREE – PMPA

1-38.   Defendant incorporates by reference its answers to paragraphs 1 through 38 as set forth above.

39.   Defendant denies the allegations contained in Paragraph 39.

40.   Defendant denies the allegations contained in Paragraph 40.

41.   Defendant denies the allegations contained in Paragraph 41.

42.   Defendant denies the allegations contained in Paragraph 42.

43.   Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

1002395.1

44.     Defendant denies the allegations contained in Paragraph 44.

45.     Defendant denies the allegations contained in Paragraph 45.

46.     Defendant denies the allegations contained in Paragraph 46.

47.     Defendant denies the allegations contained in Paragraph 47.

## COUNT FOUR – CONNECTICUT FRANCHISE ACT

1-44.   Defendant incorporates by reference its answers to paragraphs 1 through 44 as set forth above.

45.     Defendant denies the allegations contained in Paragraph 45.

46.     Defendant denies the allegations contained in Paragraph 46.

47.     Defendant denies the allegations contained in Paragraph 47.

48.     Defendant denies the allegations contained in Paragraph 48.

## COUNT FIVE - CONVERSION

1-48.   Defendant incorporates by reference its answers to paragraphs 1 through 48 as set forth above.

49.     Defendant denies the allegations contained in Paragraph 49.

50.     Defendant denies the allegations contained in Paragraph 50.

51.     Defendant denies the allegations contained in Paragraph 51.

7

## COUNT SIX – LANDLORD/TENANT

1-51.   Defendant incorporates by reference its answers to paragraphs 1 through 51 as set forth above.

52.     Defendant denies the allegations contained in Paragraph 52.

53.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

54.     Defendant denies the allegations contained in Paragraph 54.

55.     Defendant denies the allegations contained in Paragraph 55.

56.     Defendant denies the allegations contained in Paragraph 56.

57.     Defendant denies the allegations contained in Paragraph 57.

## COUNT SEVEN - UCC

1-51.   Defendant incorporates by reference its answers to paragraphs 1 through 51 as set forth above.

52. [sic]     The allegations contained in Paragraph 52 set forth legal conclusions to which no response is necessary.

53. [sic]     Defendant denies the allegations contained in Paragraph 53.

54. [sic]     Defendant denies the allegations contained in Paragraph 54.

55. [sic]     Defendant denies the allegations contained in Paragraph 55.

56.     Defendant denies the allegations contained in Paragraph 56.

57.     Defendant denies the allegations contained in Paragraph 57.

58.     Defendant denies the allegations contained in Paragraph 58.

## COUNT EIGHT - CUTPA

1-58.   Defendant incorporates by reference its answers to paragraphs 1 through 58 as set forth above.

59.     Defendant denies the allegations contained in Paragraph 59.

60.     Defendant denies the allegations contained in Paragraph 60.

## COUNT NINE – INTERFERENCE WITH CONTRACT (CAMBRIDGE)

1-60.   Defendant incorporates by reference its answers to paragraphs 1 through 60 as set forth above.

61.     Defendant denies the allegations contained in Paragraph 61.

62.     The allegations contained in Paragraph 62 are not directed at Defendant. To the extent an answer is required, Defendant lacks information and knowledge sufficient to form a belief as to these allegations.

63.     The allegations contained in Paragraph 63 are not directed at Defendant. To the extent an answer is required, Defendant lacks information and knowledge sufficient to form a belief as to these allegations.

1002395.1

64.     The allegations contained in Paragraph 64 are not directed at Defendant. To the extent an answer is required, Defendant lacks information and knowledge sufficient to form a belief as to these allegations.

65.     Defendant lacks information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 65.

66.     The allegations contained in Paragraph 66 set forth legal conclusions to which no response is necessary.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – as to all counts

The Complaint fails to state a claim for which relief may be granted.

### Second Affirmative Defense – as to all counts

1.     Getty Petroleum Marketing Inc. (GPMI) filed for bankruptcy in December 2011.  On April 30, 2012, the U.S. Bankruptcy Court for the Southern District of New York issued an order pursuant to which the Master Lease between Getty Properties Corp. and GPMI was rejected by GPMI, effective April 30, 2012.  Paragraph 3 of that Order directed GPMI to "relinquish possession of and deliver the Premises to Getty Properties or as Getty Properties directs, free and clear of all liens and encumbrances."

2.     On December 22, 2011, GPMI served GVO with a notice of default for GVO's failure to pay December rent advising GVO that, if the default was uncured as of

10

January 6, 2012, GPMI would exercise its rights pursuant to the GPMI-GVO Lease to terminate the lease.  On January 7, 2012, after GVO failed to pay the December 2011 and January 2012 rent owed under the GPMI-GVO Lease to GPMI, Getty Properties Corp., or into escrow, GPMI issued a notice of termination, terminating the GPMI-GVO Lease as of January 9, 2012.

3.     On April 18, 2012, GVO wrote to each of the Connecticut service station dealers, including Plaintiffs, and terminated their leases effective April 30, 2012.

4.     Accordingly, GVO bears no liability for the termination of Plaintiffs' tenancies.

**Third Affirmative Defense – as to Counts Two, Four, Five, and Eight**

1.     Paragraph 30 (Lease Security) of Plaintiffs' Retail Gasoline Station Lease Agreements with GVO states, in pertinent part:

> This security deposit may also be applied to Lessee's obligation to Company under its Lessee Supply Contract or any other agreement with Company or to any other obligation of Lessee.

2.     Many of the Plaintiffs have not satisfied their obligations to pay GVO for gasoline delivered to the applicable marketing premises and have other charges outstanding.  The amounts owed by many of the Plaintiffs exceed the amounts of their deposits.

3.     Accordingly, GVO does not owe Plaintiffs any refund or is entitled to an offset of such amounts against Plaintiffs' deposits.

11

**Fourth Affirmative Defense – as to Count Three**

1.     Any rights Plaintiffs may have claimed under PMPA were terminated by

Defendant's Notice of Termination dated April 18, 2012.

**Fifth Affirmative Defense – as to Count Four**

1.     To the extent the Petroleum Marketing Practices Act applies to the

relationship between GVO and Plaintiffs, the alleged provisions of the Connecticut

Franchise Act are pre-empted.

                              DEFENDANT,
                              GREEN VALLEY OIL, LLC

                    By:     s/ Charles T. Lee
                              Charles T. Lee (CT00297)
                              Cort T. Malone (CT29018)
                              Rachel L. Ginsburg (CT28563)
                              ANDERSON KILL & OLICK, P.C.
                              1055 Washington Boulevard, Suite 510
                              Stamford, CT  06901
                              Telephone:  203-388-7950
                              Facsimile:  203-388-0750

1002395.1

## CERTIFICATION

This is to certify that on January 10, 2013, a copy of the foregoing Answer to Second Amended Complaint was filed electronically and served by mail to anyone unable to accept electronic filing.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

John J. Morgan, Esq.
Barr & Morgan
22 Fifth St.
Stamford, CT 06905

s/ Charles T. Lee
Charles T. Lee

13

1002395.1